**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **LINDA POLIZZI** | * | **CIVIL ACTION NO. 26-348** |
| **VERSUS** | * | **JUDGE ELDON E. FALLON** |
| **SHEET METAL SUPPLY, LLC, ET AL.** | * | **MAGISTRATE JUDGE MICHAEL B. NORTH** |

\*   \*   \*   \*   \*   \*   \*   \*

## ORDER & REASONS

Before the Court is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), or alternatively, a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 filed by Defendants Sheet Metal Supply, LLC, Louis Massett, III, Brad Roach, Brian Silico, and Elise Anselmo (collectively, "Defendants"). R. Doc. 8. Plaintiff Linda Polizzi opposes the motion. R. Doc. 14. After considering the record, briefing, and applicable law, the Court now rules as follows.

### I.      BACKGROUND

This is an employment discrimination case pursuant to Title VII of the Civil Rights Act of 1964. Plaintiff Linda Polizzi began working as a front desk clerk for Defendant Sheet Metal Supply, LLC in November 2022. R. Doc. 1 at 3. *Id.* Polizzi is a woman of Latin descent who is married to another women. *Id.* Polizzi claims that throughout her employment with Sheet Metal Supply, Louis Massett III, the company's owner, and fellow employees Brad Roach, Brian Silico, and Elise Anselmo repeatedly sexually harassed her. *Id.* at 2–3. After reporting the harassment to human resources, Polizzi was reassigned to a position as a delivery driver. *Id.* Polizzi alleges she continued to experience near-daily harassment after her position changed. *Id.* at 4. Polizzi made a second report to human resources in September 2026, and was immediately drug tested. *Id.* at 4.

1

In October 2024, Polizzi complained about the harassment to Massett. *Id.* Polizzi alleges that Massett responded by "throwing something at [her] and immediately terminating her." *Id.*

Polizzi filed a charge with the Equal Employment Opportunity Commission ("EEOC"). R. Doc. 8-1 at 2. After obtaining a right to sue letter from the EEOC, R. Doc. 1 at 1, Polizzi filed the instant suit against Defendants, alleging violations Title VII of the Civil Rights Act of 1964. *Id.* at 4.

## II.    PRESENT MOTION

Defendants move to dismiss this case pursuant Fed. R. Civ. P. 12(b)(6), or alternatively Fed. R. Civ. P. 56(a). Defendants contend that dismissal is warranted on two grounds. First, Defendants maintain that Steel Metal Supply is not a statutory employer under Title VII because it did not employ fifteen or more employees during the alleged period of discrimination. R. Doc. 8-1 at 4. Defendants submit with their motion payroll records for the 2024 calendar year which list fewer than fifteen names for each calendar quarter. R. Doc. 8-2 at 3–15. Second, Defendants contend that Polizzi's claims against Massett, Roach, Silico, and Anselmo fail as a matter of law because Title VII does not impose personal liability. *Id.* at 7–8.

Polizzi opposes the motion. R. Doc. 14. Polizzi notes that she "clearly plead that Defendant Sheet Metal supply [] has the requite number of employees," and avers that this is sufficient to survive a Rule 12(b)(6) motion to dismiss. R. Doc. 14 at 2–3. Polizzi further urges the Court to deny summary judgment, maintaining it is "premature before conducting discovery." *Id.* at 4. If the Court does, however, convert Defendants' motion into one for summary judgment, Polizzi maintains that there exist genuine issues of material facts regarding the number of Steel Metal Supply employees during the relevant period. R. Doc. 14 at 4. Polizzi submits with her opposition an employee directory she alleges Sheet Metal Supply used while she worked there. R. Doc. 14-1

at 2. The directory lists sixteen names. *Id.* Polizzi further submits her own affidavit claiming that Sheet Metal Supply employed more than fifteen employees during the relevant period. R. Doc. 14-1 at 1. Polizzi further suggests that while Sheet Metal Supply employed at least fifteen "on the books" employees, it also employed "numerous illegal and undocumented workers" "off the books." *Id.*; R. Doc. 1 at 5. Polizzi does not address Defendants' argument that Title VII does not provide for personal liability.

In reply, Defendants contend that the evidence submitted by Polizzi does not create a genuine factual dispute. R. Doc 15 at 3. Defendants point out that the employee directory does not include signifiers, such as a logo or heading, to indicate that it belonged to Steel Metal Supply or a date to show it pertained to the relevant period. *Id.* Regarding the alleged undocumented persons employed by Steel Metal Supply, Defendants contend that Polizzi "has provided no competent evidence regarding when these unidentified individuals allegedly worked, how long they worked, whether they appeared on Sheet Metal Supply's payroll, or whether they were employed during the [relevant] weeks," and "[w]ithout such evidence, the Court cannot determine whether any of these alleged workers are countable employees for purposes of Title VII." R. Doc. 15 at 5. Defendants conclude by reiterating there is no genuine dispute of material fact and they are entitled to judgment as a matter of law. *Id.* at 6.

### III.    APPLICABLE LAW

Fed. R. Civ. P. 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)). "Factual allegations must be enough to raise a right to relief above the speculative

3

level." *Twombly*, 550 U.S. at 556. A claim is plausible on its face when the plaintiff has pled facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 570. Although a court must liberally construe the complaint in light most favorable to the plaintiff, accept the plaintiff's allegations as true, and draw all reasonable inferences in favor of the plaintiff, *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996), courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Arias-Benn v. State Farm Fire & Cas. Co.*, 495 F.3d 228, 230 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

When parties submit materials outside the pleadings in connection with a Rule 12(b)(6) motion, a court may accept such materials and convert the motion into a motion for summary judgment under Fed. R. Civ Pro. 56(a), or alternatively, resolve the matter under Rule 12(b)(6). *Isquith v. Middle South Utils., Inc.*, 847 F.2d 186, 193 n. 3 (5th Cir.1988). Rule 12(b) affords a district court "complete discretion" in making this determination. *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1366 (3d ed.)). In practice, courts frequently consider "whether or not the proffered material, and the resulting conversion from the Rule 12(b)(6) to the Rule 56 procedure, is likely to facilitate the disposition of the action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1366 (3d ed.)). "When the extra-pleading material is . . . scanty, incomplete, or inconclusive," courts often decline to convert a Rule 12(b)(6) motion into a motion for summary judgment. *Id*

## IV.    ANALYSIS

Defendants ask the Court to dismiss all claims against them because Sheet Metal Supply is not an employer subject to Title VII and Title VII does not provide individual liability against

4

the Defendants sued in their personal capacity. For the following reasons, the Court grants in part and denies in part Defendants' motion.

Title VII makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000(e)-2(a)(1). Under Title VII, an employer is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." *Id.* at § 2000(e)(b). An "employee" is someone "the employer has an employment relationship with." *Walters v. Metro. Educ. Enter.*, 519 U.S. 202, 206–07 (1997). The Fifth Circuit uses a "hybrid economic realities/common law control test" to determine whether an employment relationship exists under Title VII, with the most important factor being "the right to control the employee's conduct." *Muhammad v. Dallas Cnty. Cmty. Supervision & Corr. Dep't*, 479 F.3d 377, 380 (5th Cir. 2007). The fifteen-employee threshold is an element of a plaintiff's Title VI claim. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006).

Polizzi asserted in her complaint "Sheet Metal Supply, LLC did, at all times relevant, employ the requisite number of people required by 42 U.S.C. § 2000e(b)." R. Doc. 1 at 5. By way of reference to § 2000e(b), Polizzi has alleged that Steel Metal Supply employed fifteen or more employees during the relevant period. At this stage of the litigation, the Court accepts this assertion as true, and, given that Defendants have raised no other issues with respect to the sufficiency of Polizzi's complaint, the Court concludes the Polizzi's claim against Steel Metal Supply, LLC satisfies Rule 12(b)(6).

The Court declines to convert this motion into one for summary judgment. Title VII's "economic realities/common law control test" is a "factually-intensive" analysis that discovery may help inform. *See Nelson v. Sherron Assocs., Inc.*, No. 3:14-CV-3781-B, 2015 WL 3504924, at *4 (N.D. Tex. June 3, 2015) (reasoning that Title VII's employee-numerosity requirement is a "factually-intensive inquir[y]" not suited for summary judgment before discovery). Given that discovery has not yet begun, summary judgment is premature.

As to the claims against the individual Defendants, it is well-settled that individuals, including owners, supervisors, and fellow employees, cannot be held liable under Title VII in either their individual or official capacities. *Udeigwe v. Tex. Tech Univ.*, 733 F. App'x 788, 792 (5th Cir. 2018). Title VII relief "is only available against an employer." *Id.* at 425; *Smith v. Amedisys Inc.*, 298 F.3d 434, 448–49 (5th Cir. 2002). Accordingly, Plaintiff's claims against Massett, Roach, Silico, and Anselmo fail as a matter of law.

## V.    CONCLUSION

Considering the foregoing;

**IT IS ORDERED** that Defendants' Motion, R. Doc. 8, is **GRANTED IN PART** and **DENIED IN PART**. The motion is **DENIED** with respect to Plaintiff's claims against Steel Metal Supply, LLC. This denial is without prejudice to Steel Metal Supply, LLC's right to move for summary judgment after appropriate discovery. The motion is **GRANTED** with respect to Plaintiff's claims against Massett, Roach, Silico, and Anselmo. Louis Massett, III, Brad Roach, Brian Silico, and Elise Anselmo are hereby **DISMISSED** from this matter *with prejudice*.

New Orleans, Louisiana, this 1st day of July, 2026.

THE HONORABLE ELDON E. FALLON